IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEI KE, | |
|               Plaintiff, | CASE NO. _____ |
| v. | |
| THE TRUSTEES OF THE UNIVERSITYOF PENNSYLVANIA AND DR. ARJUN RAJ, | |
|               Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

**To the United States District Court
for the Eastern District of Pennsylvania:**

Defendants, The Trustees of the University of Pennsylvania and Dr. Arjun Raj (collectively, the "Penn Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal, removing the above-captioned action from the Court of Common Pleas of Philadelphia County, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania.

The grounds for the removal of this action are as follows:

1. The plaintiff, Lei Ke ("Plaintiff"), filed a Civil Action Complaint on or about June 22, 2017, docketed as June Term, 2017, No. 02486 (the "State Court Action"), against the Penn Defendants. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. Plaintiff served the Civil Action Complaint upon the Penn Defendants on or about June 30, 2017. A copy of the Affidavit of Service filed in the State Court action is attached as Exhibit 2.

3. In the Complaint, Plaintiff asserted the following causes of action:

| | | |
|---|---|---|
| Count I | | Intentional Discrimination in Violation of the PFEOA [the Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5001, et seq.] and the ADA [the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.] |
| Count II | | Willful Retaliation in Violation of the PFEOA and the ADA |
| Count III | | Breach of Contract Under Pennsylvania Law. |

4. The Complaint, on its face, asserts federal civil rights claims that fall within the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

5. Further, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state statutory claims contained in Counts I and II and the common law claims in Count III of the Complaint.

6. Accordingly, this action is removable in accordance with 28 U.S.C. § 1441(a).

7. This removal notice is timely, as it is being filed within 30 days of the receipt of the Complaint by the Penn Defendants setting forth the claims for relief upon which the underlying State Court Action is based. 28 U.S.C. § 1446(b).

8. Copies of all process which has been received by the Penn Defendants are filed herewith and attached hereto as Exhibit 1.

9. A copy of the Praecipe to Enter Notice of Removal that will be filed in the State Court Action promptly after filing this Notice of Removal is attached as Exhibit 3.

**WHEREFORE**, notice is given that the above-captioned action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

                              Respectfully submitted,

                              **TUCKER LAW GROUP, LLC**

Dated: July 20, 2017          /s/ Leslie M. Greenspan
                                        Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
                                        Leslie M. Greenspan, Esquire (I.D. No. 91639)
                                        Ten Penn Center
                                        1801 Market Street, Suite 2500
                                        Philadelphia, PA 19103
                                        (215) 875-0609

                                        Attorneys for Defendants,
                                        The Trustees of the University of Pennsylvania
                                        and Dr. Arjun Raj

## CERTIFICATE OF SERVICE

I, Leslie M. Greenspan, Esquire, do hereby certify that I caused to be served a true and correct copy of Defendants' Notice of Removal to the following via regular mail:

Le Kei
4025 Roosevelt Blvd.
Philadelphia, PA 19124

*Pro Se* Plaintiff

**TUCKER LAW GROUP, LLC**

Dated: July 20, 2017          BY:   /s/ Leslie M. Greenspan
                                    Leslie M. Greenspan, Esquire