# EXHIBIT 1

Court of Common Pleas of Philadelphia County
Trial Division
## Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2017   002486**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LEI KE | TRUSTEES OF UNIVERSITY OF PENNSYLVANIA |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| 4025 ROOSEVELT BLVD., PHILADELPHIA, PA 19124 | 3451 WALNUT STREET, PHILADELPHIA, PA 19104 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | ARJUN RAJ |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | 3451 WALNUT STREET, PHILADELPHIA, PA 19104 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| | |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Minor Court Appeal<br>☐ Statutory Appeals<br>☐ Commerce (Completion of<br>Addendum Required) | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
DISABILITY DISCRIMINATION AND RETALIATION AND BREACH OF CONTRACT; CODE: 10.

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**
2 YEARS AFTER THE ISSUANCE OF THE RIGHT TO SUE LETTER FROM THE PHRC; SEC. 12(C) OF THE PHRA.

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)<br>NONE. | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|
| Ke Vs Trustees Of University Of Pennsylvania-CMPLT<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>17060248600005 | Yes   No<br>☐   ☐<br>☐   ☐<br>☐   ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| LEI KE | 4025 ROOSEVELT BLVD., PHILADELPHIA, PA 19124 |
| **PHONE NUMBER**   **FAX NUMBER**<br>814-218-6905 | |
| **SUPREME COURT IDENTIFICATION NO.** | **E-MAIL ADDRESS**<br>davek8@gmail.com |
| **SIGNATURE** | **DATE**<br>JUNE 7, 2017 |

01-101 (Rev. 6/08)

## Instructions for Completing Civil Cover Sheet

Rules of Court require that a Civil Cover Sheet be attached to any document commencing an action (whether the action is commenced by Complaint, Writ of Summons, Notice of Appeal, or by Petition). The information requested is necessary to allow the Court to properly monitor, control and dispose cases filed. A copy of the Civil Cover Sheet must be attached to service copies of the document commencing an action. The attorney or non-represented party filing a case shall complete the form as follows:

A.   **Parties**

    i.   *Plaintiffs/Defendants*

        Enter names (last, first, middle initial) of plaintiff, petitioner or appellant ("plaintiff") and defendant. If the plaintiff or defendant is a government agency or corporation, use the full name of the agency or corporation. In the event there are more than three plaintiffs and/or three defendants, list the additional parties on the Supplemental Parties Form. Husband and wife are to be listed as separate parties.

    ii.   *Parties' Addresses*

        Enter the address of the parties at the time of filing of the action. If any party is a corporation, enter the address of the registered office of the corporation.

    iii.   *Number of Plaintiffs/Defendants:* Indicate the total number of plaintiffs and total number of defendants in the action.

B.   **Commencement Type:** Indicate type of document filed to commence the action.

C.   **Amount in Controversy:** Check the appropriate box.

D.   **Court Program:** Check the appropriate box.

E.   **Case Types:** Insert the code number and type of action by consulting the list set forth hereunder. To perfect a jury trial, the appropriate fees must be paid as provided by rules of court.

| Proceedings Commenced by Appeal | *Actions Commenced by Writ of Summons or Complaint* | |
|---|---|---|
| **Minor Court** | **Contract** | **Professional Malpractice** |
| 5M   Money Judgment | 1C   Contract | 2D   Dental |
| 5L   Landlord and Tenant | 1T   Construction | 4L   Legal |
| 5D   Denial Open Default Judgment | 1O   Other: | 2M   Medical |
| 5E   Code Enforcement | **Tort** | 4Y   Other: |
|     Other: | 2B   Assault and Battery | 1G Subrogation |
| **Local Agency** | 2L   Libel and Slander | **Equity** |
| 5B   Motor Vehicle Suspension - | 4F   Fraud | E1   No Real Estate |
|     Breathalizer | 1J   Bad Faith | E2   Real Estate |
| 5V   Motor Vehicle Licenses, | 2E   Wrongful Use of Civil Process | 1D   Declaratory Judgment |
|     Inspections, Insurance |     Other: | M1   Mandamus |
| 5C   Civil Service | **Negligence** | **Real Property** |
| 5K   Philadelphia Parking Authority | 2V   Motor Vehicle Accident | 3R   Rent, Lease, Ejectment |
| 5Q   Liquor Control Board | 2H   Other Traffic Accident | Q1   Quiet Title |
| 5R   Board of Revision of Taxes | 1F   No Fault Benefits | 3D   Mortgage Foreclosure - Residential |
| 5X   Tax Assessment Boards | 4M   Motor Vehicle Property Damage |     Owner Occupied |
| 5Z   Zoning Board | 2F   Personal Injury - FELA | 3F   Mortgage Foreclosure - Not Residential |
| 52   Board of View | 2O   Other Personal Injury |     Not Owner Occupied |
| 51   Other: | 2S   Premises Liability - Slip & Fall | 1L   Mechanics Lien |
| Other: | 2P   Product Liability | P1   Partition |
| | 2T   Toxic Tort |     Prevent Waste |
| **Proceedings Commenced by Petition** |     T1   *Asbestos* | 1V   Replevin |
| 8P   Appointment of Arbitrators |     TZ   *DES* | 1H Civil Tax Case - Complaint |
| 8C   Name Change - Adult |     T2   *Implant* |     Other: |
| 8L   Compel Medical Examination | 3E   Toxic Waste | |
| 8D   Eminent Domain |     Other: | |
| 8E   Election Matters | | |
| 8F   Forfeiture | | |
| 8S   Leave to Issue Subpoena | | |
| 8M   Mental Health Proceedings | | |
| 8G   Civil Tax Case - Petition | | |
|     Other: | | |

F.   **Commerce Program**

    Commencing January 3, 2000 the First Judicial District instituted a Commerce Program for cases involving corporations and corporate law issues, in general. If the action involves corporations as litigants or is deemed a Commerce Program case for other reasons, please check this block AND complete the information on the "Commerce Program Addendum". For further instructions, see Civil Trial Division Administrative Docket 01 of 2000.

G.   **Statutory Basis for Cause of Action**

    If the action is commenced pursuant to statutory authority ("Petition Action"), the specific statute must be identified.

H.   **Related Pending Cases**

    All previously filed related cases, regardless of whether consolidated by Order of Court or Stipulation, must be identified.

I.   **Plaintiff's Attorney**

    The name of plaintiff's attorney must be inserted herein together with other required information. In the event the filer is not represented by an attorney, the name of the filer, address, the phone number and signature is required.

### The current version of the Civil Cover Sheet may be downloaded from the FJD's website
### http://courts.phila.gov

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA CIVIL TRIAL DIVISION

| | |
|---|---|
| LEI KE        PLAINTIFF<br><br>v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND ARJUN RAJ, DEFENDANTS<br><br><br>JURY TRIAL DEMANDED | CIVIL ACTION NO. ~~002486~~  **JUNE 2017**<br><br>CAUSES OF ACTION:<br><br>COUNT I: INTENTIONAL DISCRIMINATION IN VIOLATION OF THE PFEOA AND THE ADA<br><br>COUNT II: WILLFUL RETALIATION IN VIOLATION OF THE PFEOA AND THE ADA<br><br>COUNT III: BREACH OF CONTRACT UNDER PENNSYLVANIA LAW |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Philadelphia Bar Association
Lawyer Referral and Information Services
1101 Market Street, Philadelphia, Pa 19107, (215) 238-6333

Lei Ke
4025 Roosevelt Blvd.
Philadelphia, PA 19124
814-218-6905

ATTEST
JUN 22 2017
J. COURTNEY
JUDICIAL RECORDS

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

## COMPLAINT

Plaintiff Lei Ke (hereinafter "Plaintiff" or "Ke") complains and in support hereof states as follows:

### NATURE OF THE CLAIMS

1.     This is a discrimination and retaliation case pursuant to the Pennsylvania Fair Educational Opportunities Act ("PFEOA"), 24 P.S. §§ 5001-5010 and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*, based on defendants' intentional refusal to accommodate and to retaliate when plaintiff complained to defendants about that. Plaintiff seeks a declarative judgment and injunctive relief for defendants to let plaintiff amend his discriminated grade under the School of Engineering Graduate Student Handbook, as well as punitive damages.

### VENUE AND JURISDICTION

2. ·     Venue is proper in this Court pursuant to Pa. R. Civ. P. 2179.  This Court has jurisdiction over this action under 42 Pa. C.S. § 5301(a)(2),

### PARTIES

3.     At all relevant times herein, plaintiff was a graduate student at the College of Engineering and Applied Sciences.  He resides at 4025 E. Roosevelt Blvd., Philadelphia, Philadelphia County, PA 19124.  At all times relevant to this Complaint, plaintiff had a vision disability, as recognized by UPenn's Office of Student Disabilities Services.

4.     Defendant the aR ("UPenn") is a Pennsylvania corporation focused on higher education with a principal place of business at 3451 Walnut Street, Philadelphia, Pennsylvania 19104. UPenn is a recipient of federal financial assistance

as that term is used in Title VI of the 1964 Civil Rights Act, 42 U.S.C §§ 2000d - 2000d-7.

5.     At all relevant times herein, defendant Arjun Raj, PhD ("Dr. Raj"), was an assistant professor of bioengineering at UPenn, whose official address is 3451 Walnut Street, Philadelphia, Pennsylvania 19104.

<u>PERTINENT FACTS</u>

6.     In the spring of 2008, Ke was diagnosed with glaucoma, cataract, peripheral vision loss, double/blurry vision, and partial blindness. His eyes have since undergone surgery twice at Will's Eye Hospital in Philadelphia.

7.     Ke matriculated at UPenn in September 2013 and provided the Office of Student Disabilities Services with his medical records to prove his vision disability, and that office officially recognized his vision disability on September 6, 2013.

8.     From August 2014 through December 2014, Ke took Dr. Raj's BE567 class, which required homework and a large, final project.

9.     Ke orally informed Dr. Raj of his vision disability right at the beginning of the fall semester of 2014.

10.     Dr. Raj stated: "As I repeatedly mentioned in class, performance on the final project factors very heavily in my assignment of a grade."

11.     The final project consisting of an oral presentation and a writeup essay. The presentation was to present to Dr. Raj within five minutes a summary of the writeup essay.

12.     The final project demanded a continuous use of the computer, and it heavily involved programming and coding, which would cause Ke's eyes to hurt and tear up and would compel him to rest his eyes frequently after keeping them on the computer screen for about twenty minutes each time.

13.     Frequent "breaks" considerably slowed down the process of Ke's working on his final project and often prevented him from continuing to work on it.

14.     Every time Ke forced himself to keep his eyes on the computer monitor, the tear-up would lead to red eyes and headache. Then he would be forced to stop work

and rest his eyes. Often he would have to refrain from using the computer for an hour or two before he compelled himself to return to the computer. Then he would feel his eyes hurting again to start the same vicious cycle.

15.     At the beginning of the semester, Dr. Raj issued Ke a syllabus, which was a contract under Pennsylvania contract law. In that contract, Dr. Raj designated Dec. 9, 2014 as the deadline for Ke to complete the final project.

16.     But orally Dr. Raj told Ke later that the deadline for him was December 1, 2014.

17.     Knowing that he was not able to complete the project by December 1, 2014, Ke emailed Dr. Raj on November 23, 2014 to tell him that he would need more time for computer coding and if he could let him complete the project by December 8, 2014, which was the deadline given to 15 other students of the same class who did not have any disabilities.

18.     Ke also orally asked Dr. Raj for the extension, citing his vision disability as the reason and also the fact that he had other courses to take care of.

19.     Dr. Raj denied Ke access to accommodation and benefits and services provided to students without disabilities.

20.     He flatly refused and said "sorry about that" on Nov. 23, 2014. Ke said that that was not reasonable because the official schedule he had given him said the actual due date was December 9, 2014.

21.     On the morning of December 1, 2014, Ke emailed Dr. Raj for help. Ke knew Dr. Raj was already fed up with his mentioning of his vision disability. So he only wrote that he had refused Ke's deferment request and that Ke also had to do work on

4

the finals for other classes ("a conflict of scheduling" as Ke wrote) and just could not get the project completed and needed his help in that regard.

22. Dr. Raj responded 23 minutes later and asked Ke for his phone number, which Ke emailed him. He called Ke and yelled on the phone that Ke must present whatever he had or his grade would be "severely docked." Ke again cited his vision disability as the reason for not being able to finish his writeup as it hampered him from programming and coding on the computer. Dr. Raj yelled on the phone that although he was aware of his vision disability he would not care.

23. Because Ke insisted that he was not ready to present in class in the afternoon as the presentation depended on the writeup project that was not completed yet, Dr. Raj finally said that Ke must present to him in his office at noon, Wednesday, December 3, 2014 and that Ke must submit his writeup project at the same time or face an "F" grade. Ke said his vision disability might not let him complete the project.

24. During the week of December 3, 2014, Ke was basically unable to work on his computer for any length of time as his eyes could not stand the computer screen.

25. On Wednesday (December 3, 2014), after class, Ke followed Dr. Raj to his office and told him on the way that he had done little work on the project because of his vision disability and that he needed more time to complete his writeup project.

26. In response, Dr. Raj said that Ke was using his vision disability as an excuse to delay his project and that he would likely give him a "C" or even an "F" for the course.

27. Ke said that he was not delaying the project and that a "C" grade would not be fair because the final grade should be based on the final project, which Dr. Raj had not seen yet. Ke said that he was not asking him to lower his grading standards for

5

him because of his vision disability but that he was only asking him to give him more time to complete the project that he was able to do, but Dr. Raj said that, as the instructor, he had the discretion to do whatever he wanted to with his course.

28.    In his office, Ke said he would like to extend the deadline to December 9, 2014—the deadline as given in the syllabus—but Dr. Raj said he would never agree to that because he had already orally given him an earlier date and he could not give Ke special treatment.  Then he looked over Ke's unfinished work and said that he must present on his writeup project at 2:45 p.m., Friday, December 5, 2014.

29.    Ke said that he was unlikely to complete the project by 2:45 p.m., Friday, December 5, 2014 because he was hardly able to work on the project because of his eye condition during that week. He would need more time as an accommodation, but Dr. Raj said that that was his ultimatum.

30.    Ke tried to force himself to work on the project and do  programming and coding on his computer, but he had trouble continuing because his hurting eyes compelled him to stop working frequently.

31.    By noon, Friday, December 5, 2014, against his wish and efforts, Ke's writeup project was only two-thirds done. He lived in Northeast Philadelphia, and now he had to bus to Dr. Raj's office to be present in Dr. Raj's office by 2:45 p.m.

32.    Although he had not completed his project due to his vision disability, Ke had thoroughly reviewed his project in his mind and was able to successfully present on the content in front of Dr. Raj, but Dr. Raj was mad because Ke's written writeup project was not completed.

33.    Ke again cited his vision disability as the hurdle and implored Dr. Raj to give him another week or until December 9, 2014—the deadline in the syllabus. Ke said

that he guaranteed that one more week would enable him to complete the remaining one third of the written project.

34.     Dr. Raj took offense and said "absolutely not" and ordered, when it was already 3:05 p.m., that Ke's "final writeup must be in [his] e-mail inbox by 5pm and not a minute late!" (Ke has evidence.) Ke said that that was not realistic because coding and programming was not something that could be done in two hours. Indeed, a two hour accommodation would sound like a mockery of accommodation.

35.     Further, his project materials were all at home in Northeast Philadelphia and traveling home by bus and subway would take more than an hour. Dr. Raj said that that was not his problem.

36.     When Ke was leaving his office, Dr. Raj further threatened that this was "academics" and "in the real world" he "would never tolerate [Ke's] behavior and give [him] another two hours."

37.     When Ke reached home, it was already past 4 p.m. He had only one hour left to complete the writeup project and he still had one third undone.

38.     Having no way out, Ke emailed Dr. Raj the unfinished project at 5:15 p.m. in order not to further "provoke" him. In the cover email he sent him, Ke wrote: "I know I could have done a better job if given more time."

39.     Then as though to mock his vision disability, Dr. Raj gave Ke not an "F," but a "D-" grade, which did not even exist in the department grading system.[1]

40.     On December 10, 2014, Ke emailed him to ask why he had given him a "D-" and pointed out that Dr. Raj had violated the ADA. In response via email, Dr. Raj

---

[1] The course cost Ke over $6,000.

said that an unfinished essay "frankly warranted an F" and that Ke's grade was also due to his "inexcusable degree of ongoing lateness," meaning that Ke had kept failing to meet the deadline with a completed writeup project.

41.     Later, Dr. Raj said that a "D-" instead of an "F" was his way of showing leniency.

42.     Ke explained that his lateness was caused by his vision disability and offered to remediate the writeup project as permitted by the Student Handbook, but Dr. Raj flatly denied Ke's request, stating that remediation was subject to his discretion.

43.     Ke thanked Dr. Raj for his response but said that he had not explained why Ke deserved a "D-" grade. Dr. Raj replied still insisting on Ke's lateness. He said, "I take lateness quite seriously, especially repeated lateness."

44.     Ke emailed again, but now Dr. Raj refused to respond anymore.

45.     The Faculty Handbook provides that "[a]fter there is agreement on the appropriate accommodation [between the student and the Office of Student Disabilities Services], students are encouraged to introduce themselves to professors directly and to initiate a dialogue about their particular needs." That was exactly what Ke did at the beginning of the semester.

46.     The same Faculty Handbook also states with respect to accommodation under the ADA: "Allowing students [with disabilities] additional time to complete exams."[2]

47.     Ke complained about the disability discrimination and retaliation to the OCR and the PHRC. While the OCR suggested to Ke: "You may have the right to file a

_____

[2] For graduate students, often exams mean take-home projects.

private suit in federal court whether or not OCR finds a violation," the PHRC issued Ke

the right to sue letter on May 6, 2016. (Exhibit 1.)

### COUNT I: INTENTIONAL DISCRIMINATION
### IN VIOLATION OF THE PFEOA AND THE ADA

48.     Plaintiff incorporates all allegations in this Complaint as if fully set forth

herein.

49.     With his vision disability, Ke is an individual with a disability within the

meaning of the ADA, acknowledged by both UPenn's Office of Student Disability

Services and Dr. Raj, who said in his email on December 10, 2014, "I understand that

you have a vision disability."

50.     Ke was qualified to participate in the services, programs, activities, and

benefits provided to students with disabilities within the meaning of the ADA.

Regarding the instant specific situation, all he needed was time accommodation, which

Ke had repeatedly asked Dr. Raj for with respect to his final project.

51.     The accommodation was available and would cost UPenn or the instructor

absolutely nothing, but Dr. Raj refused to accommodate.

52.     The refusal was willful because Dr. Raj's syllabus clearly stated that the

deadline for the final project was December 9, 2014 and that he had the discretion to

provide extra time.

53.     It was willful also because (1) UPenn's Office of Student Disability

Services provided the letter of accommodation; (2) Dr. Raj acknowledged Ke's vision

disability in writing; and (3) UPenn's Faculty Handbook clearly contracted him to

"[a]llow[] students [with disabilities] additional time to complete exams."[3] *Faculty*

---

[3] The language does not say "[in-classroom] exams" only.

*Handbook. IV.I. Guidelines for Addressing Academic Issues of Students with Disabilities.*

54.     At one point, Dr. Raj told Ke that he did not want to give Ke special treatment by giving him more time to complete the final project.

55.     The ADA affords disabled individuals with a right to full and equal goods and services. 42 U.S.C. § 12182(a). Equal treatment under the ADA may functionally result in preferential treatment for disabled persons. *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 397 (2002).

56.     Defendants willfully denied Ke access to accommodation of time and thereby discriminated against him because of his disability. That was in violation of the PFEOA and the ADA.

57.     As a direct and proximate result of defendants' conduct, Ke has been injured and aggrieved. He applied for the PhD program in bioengineering in a number of top universities in 2015, but he was turned down by all of them—including UPenn's PhD program in bioengineering—because of the "D-" grade Dr. Raj had given him.

58.     Despite the clear provisions of the PFEOA and the ADA and their acknowledgement of Ke's vision disability and his need for accommodation, defendants persisted in imposing conditions and practices that discriminated against plaintiff by refusing to provide him with time accommodation.

COUNT II: WILLFUL RETALIATION
IN VIOLATION OF THE PFEOA AND THE ADA

59.     Plaintiffs incorporate all allegations in this Complaint as if fully set forth herein.

60.    With regard to accommodation, Ke asserted his right to and asked for accommodation with respect to more time for his final project via email and through oral communications with Dr. Raj. That was protected activity.

61.    On December 10, 2014, Ke directly pointed out to Dr. Raj that he had violated the ADA. That was protected activity too.

62.    Instead of giving Ke accommodation regarding the final project, Dr. Raj took offence and told Ke as an ultimatum that he did not have to give Ke special treatment and that his "final writeup must be in [his] e-mail inbox by 5pm [on Dec. 5, 2014] and not a minute late!," whereas he gave more than half of the class who did not have disabilities three more days to complete their essays and whereas his syllabus clearly stated that the deadline for the final project was December 9, 2014. [4]

---

[4] On December 5, 2014, Ke implored Dr. Raj to give him one more week or until December 9, 2014—the deadline in the syllabus—to complete the writeup essay involving coding, and Dr. Raj responded that Ke must have his writeup essay in his email inbox by 5 p.m. on that day, "not a minute late," even though Dr. Raj stated that he knew that Ke could not get it done in just two hours since Ke would have to bus home in Northeast Philadelphia. As Ke was leaving his office, Dr. Raj yelled: "This is academics. In the real world I would never tolerate your behavior and give you another two hours!" Such retaliatory intent on the part of Dr. Raj is also directly admitted in his email to Ke:

> The writeup in particular was essentially incomplete and thus frankly warranted an F independent of its untimely submission.

And,

> I did say that I would dock you points for being late, which is of course my right: if you submit an assignment late, I have no obligation to grade the assignment at all.

This is another direct admission of retaliatory intent as UPenn does not have such policy, as he also alleges that "the grading assessment in my class is at my discretion." In fact, most faculty would never treat a graduate student with a disability in this manner. The entire issue, as facts demonstrate, is solely based on Ke's being late in completing his final project because of his vision disability, not because he was unable to do the work or he had asked Dr. Raj to lower his grading standards to accommodate him.

63.   Further, the Student Handbook—a contract—of the Dept. of Engineering and Applied Sciences allows a student to remediate a failing grade. Ke requested such benefit via email, but Dr. Raj flatly denied the request after Ke pointed out his violation of the ADA (Ke has documented evidence). That was an adverse action too;

64.   The causal connection is proven in two ways. First, Ke was forced to hand in the unfinished essay——"at 5:23" on December 5, 2014, according to Dr. Raj—and Dr. Raj retaliated instantly by giving him a "D-" grade, which was posted online on Tuesday, December 9, 2014–only days later. This suggests retaliation in terms of temporal proximity.

65.   Secondly, Dr. Raj conceded to his "pretext" for failing Ke because as he admitted that that was because of Ke's "inexcusable degree of ongoing lateness." This references Ke's asking him for time accommodation several times regarding the final project.

66.   Thirdly, to punish Ke for his repeated accommodation requests, Dr. Raj even assigned him a grade that did not exist in the Graduate Student Handbook, a "D-" instead of an "I" ("Incomplete"), which ought to be the right grade to fit the situation. To concede to that, Dr. Raj later changed the "D-" to "D," which existed in the Graduate Student Handbook.

67.   Dr. Raj willfully retaliated against Ke for asserting his rights under the PFEOA and the ADA and for asking for accommodation of his vision disability.

68.   Retaliation was particularly motivated by Ke's pointing out to Dr. Raj on December 10, 2014 that he had violated the ADA, and that caused Dr. Raj to refuse to let Ke remediate his "D-," as allowed by the  Student Handbook.

COUNT III: BREACH OF CONTRACT UNDER PENNSYLVANIA LAW

69.     Plaintiffs incorporate all allegations in this Complaint as if fully set forth herein.

70.     In Pennsylvania, while students in public college are protected by the US Constitution, students in private colleges/universities are not and therefore handbooks of private colleges are always considered as contracts, as corroborated by this caselaw:

> The courts have held that in general, the basic relationship between a student and a private university or college is contractual in nature. The catalogs, bulletins, circulars, and regulations of the institution made available to the matriculant become part of the contract. Questions of discipline, academic matters, and tuition and scholarship disputes have been addressed by courts and resolved on contract principles. (Emphasis original).

*Barr v. Cmty. Coll. of Beaver Cnty.*, 968 A.2d 235, 238 (Pa. Cmmw. Ct. 2009).

71.     Given this, defendants breached the contracts that were UPenn's Faculty Handbook and Dr. Raj's syllabus distributed in class at the beginning of his course.

72.     UPenn's Faculty Handbook clearly provides that faculty must accommodate students with disabilities by "6. Allowing students additional time to complete exams." *Faculty Handbook. IV.I. Guidelines for Addressing Academic Issues of Students with Disabilities.*

73.     By refusing to accommodate Ke for one more week of time to complete his final project in the nature of a take-home exam on December 5, 2014, Dr. Raj breached that contract.

74.     Additionally, at the beginning of the fall semester of 2014, Dr. Raj issued Ke a syllabus, which was a contract of adhesion under Pennsylvania law, as it is construed strictly against the party formulating it. In that contract, Dr. Raj designated Dec. 9, 2014 as the deadline for Ke to complete the final project.

13

75.     On December 5, 2014, Ke asked Dr. Raj to provide him with another week or until December 9, 2014—the date specified in the syllabus—to complete his final project because of his vision disability, but Dr. Raj categorically refused. That was a breach of his own syllabus.

<u>RELIEF SOUGHT</u>

WHEREFORE, plaintiff respectfully requests that this Court:

A.     Declare that defendants the trustees of the Univ. of Pennsylvania and Dr. Arjun Raj willfully discriminated against plaintiff by refusing to accommodate him with extra time on December 5, 2014, because of his vision disability in violation of the Pennsylvania Fair Educational Opportunities Act, 24 P.S. §§ 5001-5010 and the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*

B.     Enjoin defendants from continuing discriminatory practices against students with disabilities.

C.  .   Enjoin defendants from any future discrimination and retaliation against students with disabilities.

D.     Order defendants to make plaintiff whole by allowing him an opportunity to amend his "D-" grade by allowing him to work on a project with a different professor—as in accordance with the specific relevant language of the Student Handbook—to earn a fair grade to replace the "D-" grade.

E.     Order defendants to let Ke exercise his right under the Family Educational Rights and Privacy Act of 1974 (20 U.S.C. § 1232g) to place in his education record a statement commenting on the challenged grade—unless the challenged grade is expunged from the record.  This statement will be maintained as

part of Ke's education record as long as the contested portion is maintained. Whenever

a copy of the education record is sent to any party, the statement will be included.

      F.      Order defendants to pay punitive damages for their intentional conduct as

described above in the amount of $500,000. And

      G.      Grant such further relief as the Court deems necessary and proper in

light of the public interest.

JURY DEMAND

Plaintiff requests a jury trial on all claims set forth herein.

Respectfully submitted,

Lei Ke
4025 Roosevelt Blvd.
Philadelphia, PA 19124
814-218-6905

VERIFICATION

I, Lei Ke, duly certify and state that I am the plaintiff in the above captioned
case and make this verification that I have read the Complaint and state that the facts
contained therein are all true and correct to the best of my knowledge, information, and
belief. I make these statements subject to the penalties of 18 Pa. C.S.A. §4904 relating
to unsworn falsification to authorities.

Lei Ke
4025 Roosevelt Blvd.
Philadelphia, PA 19124
814-218-6905

15

Exhibit 1



**COMMONWEALTH OF PENNSYLVANIA**
Human Relations Commission
333 Market Street, 8th Floor
Harrisburg, PA 17101-2210
(717) 787-4410 voice
(717) 787-7279 TTY
www.phrc.state.pa.us

May 6, 2016

Lei Ke
4025 Roosevelt Boulevard
Philadelphia PA 19124

RE:   Lei Ke vs. University of Pennsylvania
Case No. 201403138 & 201402879

Dear Lei Ke:

The Pennsylvania Human Relations Commission (Commission) has
completed its review of your Request for a Preliminary Hearing. Based
upon that review, the Commission voted to deny your request at its April
25, 2016 Commission meeting on the grounds that you presented no facts
or evidence not considered at the time of the original finding or no facts or
evidence that would alter the original finding.

As a result of this decision, the Commission has closed your case. You have
no further appeal rights with the Commission.

You are reminded that pursuant to Section 12(c) of the Pennsylvania
Human Relations Act, 43 Section 962(c), you have the right, upon the
dismissal of your case, to file a complaint in the Court of Common Pleas of
the county where the alleged unlawful discriminatory practice took place.
If you desire to do this, and have not already done so, you should file the
complaint as soon as possible. You may also wish to consult a private
attorney about this right and about any other rights you may have in this
matter.

Very truly yours,

JoAnn L. Edwards
Executive Director

5b Deny – SPC – C

# EXHIBIT 2

# Affidavit / Return of Service

| Plaintiff: | LEI KE | Court Term & No.: 170602486 |
| --- | --- | --- |
| | | E-File# 1707005351 |
| Defendant: | ARJUN RAJ<br>TRUSTEES OF UNIVERSITY OF PENNSYLVANIA | Document Served:<br>Plaintiff's Complaint |
| Serve at: | 3451 WALNUT STREET | Company Reference/Control No.:<br>224341 |

Served and Made Known to ARJUN RAJ AND TRUSTEES OF UNIVERSITY OF PENNSYLVANIA on 06/30/2017 at 01:41 PM, in the manner described below:

Party(s) personally served. NAME: ARJUN RAJ
Agent or person in charge of Party's office or usual place of business. NAME: ARJUN RAJ

| Description | Age: | Height: | Weight: | Race: | Sex: |
| --- | --- | --- | --- | --- | --- |
| | Other: | | | | |

| Company Profile: | Name of Server: |
| --- | --- |
| SHERIFF OFFICE<br>100 SOUTH BROAD STREET<br>5TH FLOOR<br>PHILADELPHIA PA 19110<br>PHONE: (215)686-3530 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | Deputy Sheriff: JETARIA TAYLOR |

FILED AND ATTESTED PRO-PROTHY 06 JUL 2017 10:00 AM

\\zdrafsrv 12/8/11

# EXHIBIT 3

**TUCKER LAW GROUP, LLC**
Joe H. Tucker, Jr., Esquire (#56617)
Leslie M. Greenspan, Esquire (#91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA  19103
(215) 875-0609

**Attorneys for Defendants, The Trustees of the University of Pennsylvania and Dr. Raj Arjun**

| | |
|---|---|
| LEI KE, | PHILADELPHIA COUNTY |
| | COURT OF COMMON PLEAS |
| Plaintiff, | |
| | JUNE TERM, 2017 |
| v. | No. 02486 |
| | |
| THE TRUSTEES OF THE | JURY TRIAL DEMANDED |
| UNIVERSITYOF PENNSYLVANIA | |
| AND DR. ARJUN RAJ, | |
| | |
| Defendants. | |

## PRAECIPE TO ENTER NOTICE OF REMOVAL

**TO THE PROTHONOTARY:**

Pursuant to 28 U.S.C. § 1446(d), notice is hereby given that on July 20, 2017, the defendants, The Trustees of the University of Pennsylvania and Dr. Arjun Raj, filed the attached certified copy of Notice of Removal in the United States District Court for the Eastern District of Pennsylvania ("Federal Court") to remove the above-captioned action from this Court, where it is currently pending, to Federal Court under Civil Action Number _____.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

/s/ Leslie M. Greenspan
Joe H. Tucker, Jr., Esquire
Leslie M. Greenspan, Esquire
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for Defendants,
The Trustees of the University of
Pennsylvania and Dr. Arjun Raj