IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEI KE, | : |
| | : |
| Plaintiff, | : |
| v. | : **CASE NO. 2:17-cv-3230-LDD** |
| | : |
| THE TRUSTEES OF THE | : |
| UNIVERSITY OF PENNSYLVANIA | : |
| AND DR. ARJUN RAJ, | : |
| | : |
| Defendants. | : |

# O R D E R

**AND NOW**, this _____ day of _____, 2017, upon consideration of the Partial Motion of Defendants, The Trustees of the University of Pennsylvania and Dr. Arjun Raj, to Dismiss the Complaint, and any response thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**. IT IS FURTHER ORDERED that:

1. The Count I claim against Dr. Raj pursuant to the Pennsylvania Fair Educational Opportunities Act ("PFEOA") is dismissed with prejudice.

2. The Count II claim against Dr. Raj pursuant to the PFEOA is dismissed with prejudice.

3. Count III is dismissed as to both defendants with prejudice.

4. Defendants shall file an Answer to the remaining portions of the Complaint within 30 days of this Order.

**BY THE COURT:**

_____
The Hon. Legrome D. Davis

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LEI KE, <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND DR. ARJUN RAJ, <br><br> Defendants. | **CASE NO. 2:17-cv-3230-LDD** |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, The Trustees of the University of Pennsylvania and Dr. Arjun Raj ("Dr. Raj") (collectively, the "Penn Defendants"), hereby move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice certain portions of the Complaint: (1) the claims in Counts I and II against Dr. Raj pursuant to the Pennsylvania Fair Educational Opportunities Act, and (2) Count III. The bases for this Motion are set forth in the accompanying Memorandum of Law in support thereof.

**WHEREFORE**, the Penn Defendants respectfully request that the Court grant their Partial Motion to Dismiss Plaintiff's Complaint. A proposed order is attached.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Dated: July 27, 2017

/s/ Leslie M. Greenspan
Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
Leslie M. Greenspan, Esquire (I.D. No. 91639)
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609
Attorneys for Defendants,
The Trustees of the University of Pennsylvania
and Dr. Arjun Raj

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEI KE, | : |
| | : |
| Plaintiff, | : |
| v. | :    **CASE NO. 2:17-cv-3230-LDD** |
| | : |
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA AND DR. ARJUN RAJ, | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPOPRT OF
<u>DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendants, The Trustees of the University of Pennsylvania (the "University") and Dr. Arjun Raj ("Dr. Raj") (collectively, the "Penn Defendants"), respectfully submit this memorandum of law in support of their Partial Motion to Dismiss Plaintiff's Complaint.

**I.     <u>INTRODUCTION</u>**

This case is about Plaintiff's attempt for a "re-do" after earning a poor grade in one of his graduate school classes at the University of Pennsylvania. He blames his poor grade on his vision disability and retaliation by University professor, Dr. Raj. What Plaintiff ignores is that he requested and was granted a "reasonable accommodation" for his vision disability – 50% more time for in-class tests and quizzes. He was even given additional time by Dr. Raj for his take-home final project, which was not an "in-class test or quiz." Nonetheless, Plaintiff complains that he wanted more time to complete the final project for Dr. Raj and alleges discrimination and retaliation as the reason for not getting what he wanted.

In the context of student lawsuits against universities based on academic standards and decisions, the United States Supreme Court has cautioned that "[c]ourts are particularly ill-equipped to evaluate academic performance" and should avoid "any such judicial intrusion into academic decisionmaking." Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78, 92 (1978), cited in Lei Ke v. Drexel University, No. 11-6708, 2013 U.S. Dist. LEXIS 35853, *3 n.3 (E.D. Pa. Mar. 14, 2013) (J. Slomsky). See also Horowitz, 435 U.S. at 95-96 ("University faculties must have the widest discretion in making judgments as to the academic performance of students and their entitlement to promotion or graduation. . . .") (Powell, J. concurring); Regents of University of Michigan v. Ewing, 474 U.S. 214, 225 (1985) ("When judges are asked to review the substance of a genuinely academic decision, such as this one, they should show great respect for the faculty's professional judgment.").

Against this backdrop, and in accordance with applicable law, portions of Plaintiff's Complaint should be dismissed as a matter of law. First, Plaintiff's state law claims against Dr. Raj pursuant to the Pennsylvania Fair Educational Opportunities Act ("PFEOA") should be dismissed based on Plaintiff's failure to exhaust his administrative remedies. Alternatively, Plaintiff cannot sustain a PFEOA claim against Dr. Raj individually because the statute applies only to "educational institutions." Lastly, Plaintiff's breach of contract claims fail because he can point to no contract or contractual provision that was actually breached.

3

II.     **FACTS[1] AND PROCEDURAL HISTORY**

Plaintiff initiated this action in the Philadelphia County Court of Common Pleas on or about June 22, 2017.  (A copy of the Complaint is attached as Exhibit 1.)  The Penn Defendants removed this case to federal court on July 20, 2017.  (Doc. 1.)  Plaintiff alleges discrimination and retaliation pursuant to state and federal law based on his vision disability and seeks to have the University change a poor grade, a D-.  (Id. at ¶¶ 1, 6, *ad damnum* clause D.)  In the Complaint, Plaintiff asserted the following causes of action:

| | | |
|---|---|---|
| Count I | Intentional Discrimination in Violation of the PFEOA [the Pennsylvania Fair Educational Opportunities Act, 24 P.S. § 5001, et seq.] and the ADA [the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.] | |
| Count II | Willful Retaliation in Violation of the PFEOA and the ADA | |
| Count III | Breach of Contract Under Pennsylvania Law. | |

Plaintiff alleges that, as a graduate student in the University's School of Engineering and Applied Sciences, he worked with the University's Office of Student Disabilities Services ("SDS") to receive academic accommodations for his vision disability.  (Id. at ¶ 7.)  The September 6, 2013 letter referenced by Plaintiff confirms:

> Lei Ke is a first year graduate student in the School of Engineering.  Mr. Ke provided this office with documentation of a disability.  Our documentation committee reviewed the documentation and determined that he qualifies for the following academic accommodations:

---

[1] The facts set forth in Plaintiff's Complaint are accepted as true only for purposes of this Motion in accordance with the requirements under Federal Rule of Procedure 12(b)(6). The Penn Defendants expressly reserve the right to dispute any of Plaintiff's factual allegations that are recited herein at trial.

4

- Extended test-taking time, 50% more time for in-class tests and quizzes.

(A copy of the SDS letter is attached as Exhibit 2.)[2]

In the fall semester of 2014, Plaintiff took a class taught by Dr. Raj, BE567, entitled "Modeling Biological Systems." (A copy of the course syllabus is attached as Exhibit 3.)[3] The syllabus identified the students' obligation to develop a final project "throughout the course," write a short research paper, and give a 10 minute presentation to the class about their project. (Id.) Class grades would be based on homework assignments, the final presentation, and class participation. (Id.) There are no dates or deadlines given in the syllabus. (Id.)

The crux of Plaintiff's Complaint is that he requested additional time from Dr. Raj to complete the final project (both the written component and the oral component) but his request was denied. Plaintiff contends that the course syllabus and portions of the Faculty Handbook constitute contracts that the Penn Defendants breached by not giving him additional time to complete the final project. (Complaint, Exh. 1, at ¶¶ 15, 45-46, 53, 71-75.) Yet, the Complaint makes clear that Dr. Raj did, in fact, provide Plaintiff

---

[2] Courts can consider certain materials outside of the pleadings without converting a motion to dismiss into a motion for summary judgment, including documents "integral to or expressly relied upon in the complaint" or "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). In his Complaint, Plaintiff specifically refers to and relies upon the SDS determination of September 6, 2013 (Exh. 1 at ¶ 7), and therefore, this Court can and should consider the SDS letter without converting the instant motion to dismiss into a motion for summary judgment.

[3] Once again, Plaintiff expressly identifies the course syllabus throughout his Complaint and relies upon the syllabus as a basis for his breach of contract claim. (Exh. 1 at ¶ 15, 71, 74, 75.) Therefore, the Court can and should consider the course syllabus without converting the instant motion to dismiss into a motion for summary judgment.

5

n/a

more time, above and beyond the SDS determination – just not enough additional time to satisfy Plaintiff.  (Complaint at ¶¶ 23, 28, 31, 34.)

## III. ARGUMENT

### A. Legal Standard

A complaint may be dismissed for failing to state a claim upon which relief can be granted.  Fed.R.C.P. 12(b)(6).  In deciding a motion to dismiss, a plaintiff must plead factual allegations that, taken as true, form a plausible basis for recovery on the claim in question.  Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). In Twombly, the Supreme Court emphasized:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Twombly, 550 U.S. at 555, quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (other citations omitted).  The Third Circuit, interpreting Twombly, instructed that courts considering a motion to dismiss under Rule 12(b)(6) are to accept the factual allegations of the complaint as true; to draw inferences in favor of the plaintiff insofar as such inferences are reasonable; and to determine whether the plaintiff is entitled to relief under a reasonable reading of the complaint's factual allegations.  Phillips v. County of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008), citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002), In re Rockerfeller Ctr. Props. Secs. Litig., 311 F.3d 198, 215-16 (3d Cir. 2002).

However, the Third Circuit has cautioned that a complaint's conclusory recitation of the elements of a cause of action is insufficient.  Umland v. Planco Fin. Servs., 542

6

F.3d 59, 64 (3d Cir. Pa. 2008), citing Phillips, 515 F.3d at 233.  This principle reemphasizes the oft-stated standard that courts are not to credit "bald assertions" or "a legal conclusion couched as a factual allegation." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Papasan, 478 U.S. at 286.  Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Twombly, 550 U.S. at 570.  *Pro se* litigants still must meet the pleading requirements under Twombly.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013); Thakar v. Tan, 372 F. App'x 325, 328 (3d Cir. 2010).

### B. Dr. Raj Should Be Dismissed as a Defendant in the State Law Claims of Counts I and II Because Plaintiff has Failed to Exhaust his Administrative Remedies as to Dr. Raj.

A plaintiff seeking recovery under the PFEOA must follow the procedures outlined in the Pennsylvania Human Relations Act ("PHRA"), including the exhaustion of administrative remedies.  Lei Ke v. Drexel University, No. 11-6708, 2013 U.S. Dist. LEXIS 35853, *35 (E.D. Pa. Mar. 14, 2013) (J. Slomsky).  To fulfill the exhaustion requirement, the PHRA requires that a complainant file a complaint with the PHRC, setting forth the name and contact information of the alleged wrongdoer, as well as the particulars of the alleged discrimination.  43 P.S. § 959.

A plaintiff is prevented from filing a lawsuit against a party that was not named as a respondent in the administrative charge of discrimination, a rule dubbed by this Court as the "named respondent rule."  Lei Ke, 2013 U.S. Dist. LEXIS 35853, at *37 n.12, citing Urey v. E. Hempfield Twp., No. 08-5346, 2009 U.S. Dist. LEXIS 16792 (E.D. Pa. Mar. 4, 2009), among others.  The purpose of the exhaustion requirement is not only to

7

put a party on notice of the allegations, but to also "encourage an informal conciliation process in lieu of trial" and allow the administrative agency to "use its specialized expertise" in the case. Urey, 2009 U.S. Dist. LEXIS 16792, at **8-9; Lei Ke, 2013 U.S. Dist. LEXIS 35853, at *37.

In this case, Plaintiff refers specifically to his complaint in the PHRC proceeding and attaches the PHRC's right to sue letter as Exhibit 1 to the Complaint. (Complaint at ¶ 47 and Exh. 1.) The PHRC letter identifies the case as "Lei Ke vs. University of Pennsylvania." (Id.) The complaint filed by Plaintiff with the PHRC confirms that the only respondent named in the complaint was the University of Pennsylvania. (A copy of Plaintiff's PHRC Complaint is attached as Exhibit 4, at case caption and ¶ 3 (identifying the respondent as University of Pennsylvania).)[4] Because Plaintiff failed to name Dr. Raj as a respondent in the PHRC complaint, Plaintiff is prevented from pursuing the PFEOA claim against Dr. Raj in this lawsuit based on Plaintiff's failure to exhaust his administrative remedies as to Dr. Raj. Accordingly, Dr. Raj should be dismissed with prejudice from the state law claims in Counts I and II of the Complaint.

### C. The PFEOA Only Imposes Liability Upon "Educational Institutions" and Not Against Individuals.

Even if Plaintiff is somehow found to have exhausted his administrative remedies

---

[4] In addition to courts being able to consider documents "integral to or expressly relied upon in the complaint" or "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," In re Rockefeller Ctr. Props. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999), a court may also consider public documents without converting the motion. James S. v. Sch. Dist., 559 F. Supp. 2d 600, 606 n.2 (E.D. Pa. 2008). As such, this Court can and should consider Plaintiff's PHRC complaint – a document expressly relied upon in Plaintiff's Complaint and a public document – without converting the instant motion to dismiss into a motion for summary judgment.

8

as to Dr. Raj, he cannot pursue a claim against Dr. Raj pursuant to the PFEOA because there is no individual liability under that statute.[5]  The PFEOA prohibits an "educational institution" from discriminating against a student based on disability, among other protected classes.  24 P.S. § 5004.  An "educational institution" is defined in the statute as "any institution of post-secondary grade… which is subject to the visitation, examination or inspection of, or is, or may be licensed by the Department of Public Instruction, including any post-secondary school, college or university incorporated or chartered under any general law or special act of the General Assembly, except any religious or denominational educational institution as defined in this act."  24 P.S. § 5003(1).

Although Pennsylvania courts have not addressed whether the PFEOA provides for individual liability, the statutory language is clear and only applies to "educational institutions."  24 P.S. § 5004.  The "educational institution" in this instance is the University and not Dr. Raj, an individual.  Accordingly, the PFEOA claims against Dr. Raj should be dismissed.

### D. Plaintiff's Breach of Contract Claims Against the Penn Defendants Fail Because He Can Point to No Contractual Provision that was Breached.

Plaintiff alleges that the course syllabus, the University's Faculty Handbook, and the University's Student Handbook were contracts between him and the Penn Defendants.[6]  (Complaint at ¶¶ 15, 63, 71.)  He accuses the Penn Defendants of

---

[5] Furthermore, none of Plaintiff's allegations support individual liability against Dr. Raj, as all of his actions were within the scope of his employment and are attributable to the University.

[6] Plaintiff does not include any allegations about breaching the Graduate Student Handbook in Count III's breach of contract claim.  In his Complaint, Plaintiff seems to

breaching the course syllabus and Faculty Handbook by "refusing to accommodate Ke for one more week of time to complete his final project." (Id. at ¶ 73. See also id. at ¶¶ 74-75.)

Under Pennsylvania law, a plaintiff alleging breach of contract must establish: "(1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." Lackner v. Glosser, 892 A.2d 21, 30 (Pa. Super. Ct. 2006). Assuming for purposes of this motion that the course syllabus and Faculty Handbook are considered contracts, Plaintiff has not identified and cannot identify any contract or contractual provision that was actually breached.

### 1. The Course Syllabus Was Not Breached.

Plaintiff claims that the course syllabus "designated Dec. 9, 2014 as the deadline for Ke to complete the final project." (Complaint at ¶¶ 15, 74.) Dr. Raj's alleged failure to provide Plaintiff with another week to complete his final project, or until December 9, 2014, represents the alleged breach. (Id. at ¶ 75.)

The course syllabus, however, does not set forth a date by which the final project was due to be completed. (Exh. 3.) The course syllabus merely identified the students' obligations to develop a final project "throughout the course," write a short research paper, and give a 10 minute presentation to the class about their project and stated that grades would be based on homework assignments, the final presentation, and class participation. (Id.) Plaintiff's failure to identify any provision of the syllabus that was actually breached dooms his breach of contract claim as it relates to the syllabus. See,

---

accuse the Penn Defendants of breaching the Student Handbook by not allowing Plaintiff to remediate his grade. (Id. at ¶ 63.) Plaintiff readily admits, however, that Dr. Raj changed his grade from a D- to a D. (Id. at ¶ 66.)

e.g., Kortyna v. Lafayette College, No. 15-4625, 2017 U.S. Dist. LEXIS 440, **55-56 (dismissing the plaintiff's breach of contract claims based on the plaintiff's failure to "offer plausible allegations that the College materially breached the duties prescribed by the Handbook").

### 2. The Faculty Handbook Was Not Breached.

In addition to relying upon the course syllabus for his breach of contract claim, Plaintiff cites to the Faculty Handbook as a contract that was breached by the Penn Defendants. (Complaint at ¶¶ 45-46, 53, 72-73.) Plaintiff specifically relies on the following provisions of the Faculty Handbook:

- "After there is agreement on the appropriate accommodation, students are encouraged to introduce themselves to the professors directly and to initiate a dialogue about their particular needs." (A copy of the relevant provisions of the Faculty Handbook are attached as Exhibit 5,[7] at p. 2 of 4 (cited in Complaint at ¶ 45).)

- Examples of suggested accommodations that *may* be asked of faculty include, among others, "[A]llowing students additional time to complete exams." (Id. at p. 3 of 4 (cited in Complaint at ¶¶ 46, 53, 72).)

There has been no allegation of a breach of either of these provisions. Plaintiff confirms in his Complaint that he introduced himself to Dr. Raj to initiate a dialogue about Plaintiff's particular needs. (Complaint at ¶ 45.) The final project was not an "in-class test or quiz," for which Plaintiff may have been entitled to 50% more time, according to the SDS determination letter. (Exh. 2.) Nonetheless, Dr. Raj extended Plaintiff's final project presentation and report date from December 1 to December 5,

---

[7] For the same reasons as set forth in footnotes 2, 3, and 4, this Court can and should consider the Faculty Handbook, as referenced in and relied upon in Plaintiff's Complaint, without converting this motion to dismiss into a motion for summary judgment.

11

2014.  (Id. at ¶¶ 16, 23, 28, 31, 34.)

The ADA allows for "reasonable accommodation," not for the preferred or requested accommodation of a student.  Kortyna v. Lafayette College, 47 F. Supp. 3d 225, 242 (E.D. Pa. 2014).  The University's Faculty Handbook mirrors the ADA's limits: "Accommodations are intended to be effective and reasonable; they may not be exactly what the student wishes or requests."  (Exh. 6 at p. 1 of 4.)  In this case, consistent with the cited provisions from the Faculty Handbook, the University's Office of Student Disabilities Services determined that the appropriate and reasonable accommodation for Plaintiff was 50% more time for in-class tests and quizzes.  (Exh. 2.)  There was no breach of the Faculty Handbook, and as such, Plaintiff's breach of contract claim fails as to the Faculty Handbook.

## IV.  CONCLUSION

For the reasons set forth above, the Penn Defendants respectfully request that the Court dismiss with prejudice the PFEOA claims against Dr. Arjun Raj in Counts I and II and the breach of contract claims against both of the Penn Defendants in Count III.  A proposed order is attached.

                Respectfully submitted,

                **TUCKER LAW GROUP, LLC**

Dated: July 27, 2017        /s/ Leslie M. Greenspan
                Joe H. Tucker, Jr., Esquire (I.D. No. 56617)
                Leslie M. Greenspan, Esquire (I.D. No. 91639)
                Ten Penn Center
                1801 Market Street, Suite 2500
                Philadelphia, PA 19103
                (215) 875-0609
                Attorneys for Defendants,
                The Trustees of the University of Pennsylvania
                and Dr. Arjun Raj

## **CERTIFICATE OF SERVICE**

I, Leslie M. Greenspan, Esquire, do hereby certify that I caused to be served a true and correct copy of Defendants' Partial Motion to Dismiss and accompanying Memorandum of Law to the following via regular mail:

>Le Kei
>4025 Roosevelt Blvd.
>Philadelphia, PA 19124
>
>*Pro Se* Plaintiff

**TUCKER LAW GROUP, LLC**

Dated: July 27, 2017               BY:   /s/ Leslie M. Greenspan
                                         Leslie M. Greenspan, Esquire